1            **UNITED STATES DISTRICT COURT**

2          **FOR THE DISTRICT OF ARIZONA**

3                    _____

4    **United States of America**,          )
                                            )
5                        Plaintiff,         )    **CR 08-00814-PHX-DGC**
                                            )
6            vs.                            )    Phoenix, Arizona
                                            )    **September 8, 2010**
7    **Daniel David Rigmaiden** and **Ransom**   )
     **Marion Carter, III,**                    )
8                                            )
                         Defendants.         )
9    _____)

10

11

12

13        **BEFORE:   THE HONORABLE DAVID G. CAMPBELL, JUDGE**

14      **REPORTER'S PARTIAL TRANSCRIPT OF PROCEEDINGS**

15                **STATUS CONFERENCE**

16            (EXCLUDING EX-PARTE DISCUSSION)

17

18

19

20

21   Official Court Reporter:
     Patricia Lyons, RMR, CRR
22   Sandra Day O'Connor U.S. Courthouse, Suite 312
     401 West Washington Street, Spc. 41
23   Phoenix, Arizona  85003-2150
     (602) 322-7257

24

     Proceedings Reported by Stenographic Court Reporter
25   Transcript Prepared by Computer-Aided Transcription

14:26:43   1                          **A P P E A R A N C E S**

         2

         3   For the Government:

         4              U.S. Attorney's Office
                        By:  **FREDERICK A. BATTISTA**, ESQ.
14:26:43   5            40 North Central Ave., Ste 1200
                        Phoenix, AZ  85004

         6

         7

         8   For Defendant Rigmaiden, Pro Per:

         9              **Daniel David Rigmaiden**
                        Central Arizona Detention Center – Florence
14:26:43  10            P.O. Box 6300
                        Florence, AZ  85132

        11

        12   Shadow Counsel for Defendant Rigmaiden:

        13              Law Office of Philip A. Seplow
                        By:  **PHILIP A. SEPLOW**, ESQ.
        14              2000 N. 7th St.
                        Phoenix, AZ  85006

14:26:43  15

        16

        17   For Defendant Carter:

        18              Taylor W. Fox, PC
                        By: **TAYLOR W. FOX**, ESQ.
        19              2 N Central Ave, Ste 735
                        Phoenix, AZ 85004

14:26:43  20

        21

        22

        23

        24

        25

14:26:44   1                       **P R O C E E D I N G S**

2

3                   THE COURTROOM DEPUTY:  Criminal case 08-814, United

4       States of America versus Daniel David Rigmaiden and Ransom

15:58:07   5       Marion Carter, III.  This is the time set for status

6       conference.

7                   MR. BATTISTA:  Good afternoon, Your Honor.  Fred

8       Battista on behalf of the United States.

9                   THE COURT:  Good afternoon.

15:58:15  10                   THE DEFENDANT:  Good afternoon, Your Honor.  Daniel

11      Rigmaiden on behalf of himself.

12                   THE COURT:  Good afternoon.

13                   MR. SEPLOW:  Good afternoon, Your Honor.  Philip

14      Seplow present with Mr. Rigmaiden as shadow counsel.

15:58:23  15                   THE COURT:  Good afternoon.

16                   MR. FOX:  Afternoon.  Taylor Fox on behalf of

17      Mr. Carter.  I don't know if he's been transported.  If not, we

18      would waive his presence.

19                   THE COURT:  We didn't, Mr. Fox, because my memory was

15:58:34  20      last time we were here he said he didn't want to be transported

21      for status conferences.

22                   MR. FOX:  As is my recollection.  So we'd ask his

23      presence be waived.

24                   THE COURT:  All right, we'll waive his presence.

15:58:48  25                   There are a couple of things we need to talk about.

15:58:58   1    There is -- well, to back up a bit, when we were here last, we

            2    covered a fair amount of ground.  I put out some orders that

            3    indicated that you would use your best efforts, Mr. Rigmaiden,

            4    to file your discovery motions by July 30th.  Those haven't

15:59:19   5    been filed and you filed a memorandum that you titled

            6    Memorandum re Defense Efforts Being Hindered.  I think, as I

            7    understand it, was intended to explain why they haven't been

            8    filed yet.  But it also references a number of matters that

            9    you've raised in ex parte motions.  So it's unclear to me,

15:59:38  10    since this wasn't filed under seal or ex parte, how much of a

           11    discussion you want to have about these items with the

           12    government present, as opposed to discussing some of the

           13    ex parte motions that you have filed.

           14         THE DEFENDANT:  I think anywhere where I noted an

15:59:59  15    ex parte motion I'd rather do that without the government.  I

           16    was kind of giving them a little bit of heads up so they would

           17    know as well, instead of just telling them I didn't have it

           18    done.

           19         THE COURT:  All right.

16:00:36  20         Let's turn, then, to a couple of matters that

           21    Mr. Rigmaiden raises in that memorandum about the government

           22    and Mr. Battista.

           23         On paragraph 8 he says that at the July 15th hearing

           24    you indicated you would revisit the triangulation issue for

16:00:54  25    additional discovery; you would provide the defendant with a

16:00:57  1    final answer regarding requested unredacted documents; and

2    that you would search all government e-mails pertaining to the

3    case for discovery relating to the air card locating mission.

4                Can you tell us what's happened on that.

16:01:12  5                MR. BATTISTA:  Yes, Your Honor.

6                THE COURT:  Pull the mike up a little bit, would you.

7                MR. BATTISTA:  As the Court's aware, two matters.

8    With respect to the triangulation, the government has provided

9    all parties with respect to the defense the government's final

16:01:31 10    answer today with respect to triangulation.  We were able to

11    answer that question.  For the past two -- I just returned to

12    the office yesterday.  I was out of the office for

13    approximately two weeks.  I was hospitalized.  So I'm doing a

14    lot better now.

16:01:51 15                I'm in the process of -- before I was hospitalized, I

16    was in the process of gathering all the agents' e-mails, all

17    of the agents' notes, any e-mails I have and any notes that I

18    have and going through to release any information to the

19    defendant regarding what, just for generic terms, we've been

16:02:13 20    calling the air card mission.  I had hoped to have those out

21    to the defendant, but my hospitalization prevented that being

22    done.

23                I anticipate that we should be able to have any

24    e-mails or notes to the defendant by the end of next week.

16:02:33 25    And that would be for the time period of approximately late

16:02:36  1  June of '08 to the date of the defendant's arrest on August

2  3rd of '08.  It's time consuming because there were so many

3  agents involved and so much e-mail traffic.  But I had been

4  working diligently on that before I was hospitalized.

16:02:55  5  It's quite a undertaking because so many agents are

6  involved and because there's sensitivity in terms of identity

7  of the informants and there's sensitivity in terms of the

8  investigation technique.  So we literally have to read every

9  single line of every single document to determine whether it

16:03:14  10  is privileged or not privileged.

11  I would love to be able to gather everything,

12  photocopy it, and ship it off to the defendant.  But because

13  there are these sensitive issues involved, we literally have

14  to read every single line.

16:03:28  15  But we have gathered the documents.  We're in the

16  process of processing them, doing the redactions, and getting

17  them out to the defendant.

18  So the defendant had also given the government a

19  series of approximately 22 different discovery requests, but

16:03:44  20  very defined requests for information.  Via a letter today,

21  which I've hand delivered, we've either responded to the vast

22  majority of the requests or advised the defendant that we're

23  not going to respond any further than we already have.  So

24  we've also taken care of I believe 22 specific discovery

16:04:08  25  requests that the defendant had provided to us either in terms

16:04:12  1    of pleadings or letters.  Over a number of different issues.

       2         So I think right now we're either in a position where

       3    the defendant's going to have to file a motion to compel and

       4    we'll address it in that arena, or we're in the process of

16:04:27  5    getting the notes and e-mails regarding the air card mission.

       6    We should be able to get those out by the end of next week.

       7         THE COURT:  All right.  In paragraph 9 Mr. Rigmaiden

       8    says he wrote letters July 20th and July 30th making discovery

       9    requests and that he hadn't yet received any response.  Was

16:04:47 10    that addressed in that letter you gave him today?

      11         MR. BATTISTA:  Yes.  I believe so.

      12         THE COURT:  Mr. Rigmaiden, I think everything else

      13    in -- well, I guess there is another matter that's not

      14    ex parte, which is in paragraph 7 you say that the transcript

16:05:08 15    of the May 28th hearing has not been filed.  It actually was

      16    just filed.  I looked last night and it was filed on the docket

      17    yesterday.  So that's now available and counsel should be able

      18    to get that to you.  It's at Document 359 on the docket.

      19         Everything else you raise, I think, is an ex parte

16:05:37 20    matter.  Is there anything else on this list in your

      21    memorandum you want to have discussed while counsel for the

      22    government is present?  We've got other things to talk about

      23    but I want to make sure we've covered all the ground you

      24    wanted to cover with the government here on this memorandum.

16:05:53 25         THE DEFENDANT:  I think that's everything.

16:06:01   1          THE COURT:  Okay.  We have a trial date in this case

           2   of December 14th.  I think what we ought to do is talk through

           3   some of these other ex parte matters so I could try to get a

           4   good fix when you'll be ready to file that motion, or those

16:06:29   5   motions, so we can figure out when those can get resolved and

           6   how it will affect the schedule in the case.  But I'd like to

           7   try to get that as fixed as we can because I want to make sure

           8   we're moving forward and not taking too long to get this case

           9   ready.

16:06:44  10          Mr. Battista, do you have matters you want to raise

          11   for this hearing?  If not, I'm going to ask you to step out

          12   for a few minutes while I run through some ex parte matters

          13   with Mr. Rigmaiden.

          14          MR. BATTISTA:  Not at this time, Your Honor.  If I

16:06:59  15   think of anything -- I'm assuming you'll call us back in?

          16          THE COURT:  Yeah, you'll come back in.

          17          Mr. Rigmaiden, are there other matters you want to

          18   raise with the government before we talk through ex parte

          19   issues?

16:07:11  20          THE DEFENDANT:  No.

          21          THE COURT:  Okay.

          22          Why don't you step out for a minute, if you would,

          23   and we'll try to get through these fairly quickly.

          24                              * * *

16:07:17  25          (The sealed ex parte discussion was reported but not

16:07:18  1    transcribed herein.)

         2                              * * *

         3            THE COURT:  All right.  The record should reflect

         4    counsel for the government and the codefendant returned to the

16:28:03  5    courtroom.  This will end the sealed portion of the transcript.

         6            Mr. Rigmaiden, in light of what we've talked through

         7    on various issues, what do you believe is the amount of time

         8    you need to prepare your motions regarding discovery?

         9            THE DEFENDANT:  I think once I'm given the scanned

16:28:23 10    conversion that I needed done and issues get handled with CCA

        11    and legal visits so I can start doing that again, I would think

        12    30 days.

        13            THE COURT:  Are you still thinking you're going to be

        14    filing two motions?

16:28:38 15            THE DEFENDANT:  Yeah.

        16            THE COURT:  One is going to be focused specifically

        17    on --

        18            THE DEFENDANT:  On sensitive investigative techniques

        19    and the other is general.

16:28:48 20            THE COURT:  All the other discovery issues.

        21            THE DEFENDANT:  Yeah.

        22            THE COURT:  Mr. Fox, do you have discovery issues

        23    you're going to be raising with the government that need to be

        24    resolved in any motion practice?

16:28:57 25            MR. FOX:  Not at this time, Your Honor.

16:28:59    1                THE COURT:  Okay.  Well, if we say it's going to be

            2    filed in about 30 days, that would be about October 8.  It

            3    would be briefed, then, by the end of November and ruled on,

            4    hopefully, around then.  Obviously, if I grant additional

16:29:28    5    discovery there isn't going to be time to get ready for a

            6    December 14th trial date.  Let me look at my calendar for just

            7    a minute.

            8                Mr. Rigmaiden, assuming we don't get that motion

            9    ruled on until late November or early December, how much time

16:31:34   10    do you think you're going to need to be -- you're going to

           11    need in order to be ready for trial?

           12                THE DEFENDANT:  Well, I started to file my motion to

           13    suppress after the discovery motions.  So depending on the type

           14    of discovery they turn over, because discovery motions pertain

16:31:50   15    to motions to suppress.  So I'm not really sure until I look at

           16    exactly what they're going to turn over.  It's hard for me to

           17    say, especially because I'm at CCA and there's all kinds of

           18    things out of my control that can happen that change things.

           19                THE COURT:  Do you have thoughts on the trial date,

16:32:11   20    Mr. Fox?

           21                MR. FOX:  Well, right now my trial -- right now with

           22    my trial schedule, even December is looking untenable.  I have

           23    a noncapital murder trial beginning next week and then a

           24    capital murder trial beginning end of October.

16:32:32   25                With that said, in terms of just the amount of time

16:32:34  1    I'll have, I'll need to resume review of the discovery in this

       2    case.  I would say three to four weeks continuous, but I'm not

       3    going to have continuous opportunities to do so between now

       4    and December.  But in the meantime, I'm certainly doing my

16:32:53  5    best to make that December trial date a meaningful one.  I'm

       6    just apprising this Court of my trial schedule right now.

       7         THE COURT:  Mr. Battista, do you have any thoughts on

       8    trial dates?

       9         MR. BATTISTA:  Your Honor, I don't see the December --

16:33:10 10    I mean the defendant has given us a preview of his motions,

      11    which are 75 pages.  We're going to have to go to battle on the

      12    discovery issues and then we'll have to go to battle on the

      13    motion to suppress.  I don't see us being able to resolve those

      14    issues by December.  And then once we resolve all of those

16:33:34 15    issues, then the trial preparation starts in earnest.

      16         So I would say at least three to four months beyond

      17    December might be something that would be doable, assuming we

      18    can resolve all the suppression issues.

      19         I mean, obviously, if the government loses the

16:33:57 20    information that we gained by gaining access to the location

      21    of the air card, we don't have a case against the defendant.

      22    But if we win that, the evidence is quite extensive and

      23    direct.  But --

      24         THE COURT:  If the case goes to trial, what's your

16:34:14 25    current best estimate as to how long the trial will be?

16:34:22  1          MR. BATTISTA:  For the government's case, Your Honor,

       2    I -- in order to lay out the picture of how the defendant was

       3    found so the jury would have an understanding of where we got

       4    to where we did, I would have to say at least three to four

16:34:37  5    weeks.  A lot of the counts are repetitive, so once the

       6    groundwork is laid in terms of the overall picture of the case,

       7    a number of the individual counts could be handled rather

       8    expeditiously.  But I think it's a significant indictment and

       9    there's a lot of conduct, a lot of highly technical issues,

16:35:11 10    computer issues, document issues, tax law.

      11          THE COURT:  All right.  Thank you.

      12          All right.  What I think I'd like to do is this:  I

      13    think I'd like to set another status conference in this case

      14    for Friday, November 5th, at 3:30 p.m.  By that date we should

16:35:43 15    have the motions filed and briefing under way.  We can pick a

      16    date for a hearing on the discovery motion, if we think we

      17    need one.  We can talk about the December trial date.

      18          Obviously you can file -- either defense can file a

      19    motion to continue the trial date before then if you think you

16:36:03 20    need to, but by that date I would encourage you to think about

      21    what kind of extension you think you need.  We'll also take up

      22    any other issues that have arisen at that time.  But I want to

      23    do this periodically so we stay on top of things and don't

      24    lose track of what's happening.

16:36:21 25          So I will set that 11/5 status conference at 3:30

16:36:24  1  p.m.

        2           Are there other matters that the government needs to

        3  raise today, Mr. Battista?

        4           MR. BATTISTA:  Just one thing.  I think the way the

16:36:35  5  discovery's working now, Your Honor, what we're doing is I'm

        6  mailing a cover letter to the defendant at CCA to give him

        7  notice of what we're providing, and then we're giving a hard

        8  copy or on disk to Mr. Seplow so that then the defendant has

        9  access to it.  I think at this point the defendant would rather

16:36:55  10  not get more paper to him at CCA, and I'd just want to confirm

        11  that that's how the defendant would like to proceed from this

        12  point forward with respect to discovery.

        13           THE DEFENDANT:  Yeah, at this point I'd like to have

        14  as little amount of paper as possible at CCA.  And the way he's

16:37:15  15  doing it is fine with the CDs.

        16           MR. BATTISTA:  Okay.  That's good.

        17           THE COURT:  All right.

        18           MR. BATTISTA:  We'll continue with that policy, and

        19  obviously Mr. Seplow and Mr. Fox will be getting copies of

16:37:26  20  everything.

        21           THE COURT:  All right.

        22           Mr. Rigmaiden, do you have any other matters you want

        23  to raise?

        24           THE DEFENDANT:  No, Your Honor.

16:37:30  25           THE COURT:  Mr. Fox?

16:37:32    1            MR. FOX:  Nothing.

            2            THE COURT:  Mr. Seplow?

            3            MR. SEPLOW:  No, Your Honor.

            4            (Counsel and defendant confer.)

16:37:49    5            MR. SEPLOW:  We're fine, Your Honor.

            6            THE COURT:  Okay.  Thanks very much.

            7            (End of transcript.)

            8                         * * * * *

            9

           10

           11

           12

           13

           14

           15

           16

           17

           18

           19

           20

           21

           22

           23

           24

           25

16:37:52   1                      **C E R T I F I C A T E**

           2

           3            I, PATRICIA LYONS, do hereby certify that I am duly

           4   appointed and qualified to act as Official Court Reporter for

16:37:52   5   the United States District Court for the District of Arizona.

           6

           7            I FURTHER CERTIFY that the foregoing pages constitute

           8   a full, true, and accurate transcript of all of that portion

           9   of the proceedings contained herein, had in the above-entitled

16:37:52  10   cause on the date specified therein, and that said transcript

          11   was prepared under my direction and control, and to the best

          12   of my ability.

          13

          14            DATED at Phoenix, Arizona, this 9th day of February,

16:37:52  15   2011.

          16

          17

          18

          19

16:37:52  20                              s/ Patricia Lyons, RMR, CRR
                                           Official Court Reporter
          21

          22

          23

          24

          25