**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden (1),<br><br>    Defendant. | No. CR08-0814-01-PHX-DGC<br><br>**ORDER** |

The Court has ruled on Defendant's motion for discovery (Doc. 592) and in part on Defendant's motion for additional discovery (Doc. 697). *See* Doc. 723. The Court now can rule on a number of other pending motions.

1. Defendant has filed a motion seeking to unseal documents filed at Docs. 470 and 576. *See* Doc. 593. The government does not oppose unsealing Doc. 576. *See* Doc. 631. The government does, however, oppose the unsealing of Doc. 470. *Id* Doc. 470 states that the materials submitted under seal are currently subject to an order in the Northern District of California sealing the materials. Because Defendant provides no basis for concluding that the order in the Northern District of California has been lifted or modified, the materials filed at Doc. 470 will remain under seal. Doc. 576 will be unsealed.

2. Defendant has filed a motion to dismiss based on destruction of evidence. Doc. 595. The motion is focused on the government's destruction of data generated during efforts to locate Defendant's aircard. Defendant asks the Court to dismiss this

case if several facts are established, including that "the defendant is unable to prove that the aircard was located precisely inside apartment No. 1122 with the evidence he has already placed on the record[.]" *Id*. at 1. In his reply brief, Defendant argues that dismissal also is warranted because destruction of the evidence impairs his ability to prove that the aircard was located precisely within apartment 1122 after July 16, 2008. Doc. 639 at 9. As the Court noted in its recent ruling on Defendant's discovery motions (Doc. 723), the government has stipulated that the Court may assume, for purposes of Defendant's Fourth Amendment arguments, that the aircard was located precisely within apartment 1122. Given this concession, the basis for Defendant's motion to dismiss has been eliminated. The motion to dismiss will be denied.

3. Defendant has filed a motion for issuance of a subpoena to Prometheus Real Estate Group (Doc. 596). Defendant seeks to subpoena blueprints of the Domicilio apartment complex to assist him in proving that the government located his aircard precisely within apartment 1122. *Id*. Given the government's concession that the aircard was located within the apartment, the subpoena is unnecessary and Defendant's motion will be denied.

4. Defendant has filed a motion for an order requiring the government to release to Defendant the aircard seized from Defendant in this case. Doc. 597. Defendant wishes to have his experts perform confidential tests on the aircard. In response, the government states that it would be willing to have Defendant's expert examine the aircard in the government's possession and under government supervision, but that it will not release physical possession of the aircard given its critical nature as evidence in the case. Doc. 628. In reply, Defendant argues that it will not matter if the aircard is lost or destroyed because it is not critical evidence in the case. Doc. 638. Defendant's motion does not identify the testing he wishes to perform on the aircard, nor has Defendant explained why testing of the aircard cannot occur while the aircard is in the government's possession and made available for examination by Defendant's expert. Because the aircard is the means by which Defendant is alleged to have perpetrated the

criminal conduct in this case, the Court agrees that it may be critical evidence at trial. The Court will not require the government to surrender the aircard to *pro se* Defendant. The motion will be denied.

5. Defendant has filed a motion to dismiss based on lack of access to images of the computer storage devices seized from him. Doc. 603. Defendant asserts that members of his defense team have refused to purchase the computer equipment necessary for him to review the mirrored images and that the government has failed to provide the necessary equipment for him to review the images. In response, the government notes that it has worked extensively with Defendant to provide discovery in this case and has taken the unprecedented step of offering to purchase computer equipment for *pro se* Defendant to review discovery materials while incarcerated at his federal facility. Doc. 630. The Court understands that access to the mirrored images has now been accomplished. Defendant has filed no reply in support of his motion. Because it appears this issue has been resolved, Defendant's motion will be denied.

**IT IS ORDERED:**

1. Defendant's motion to unseal documents (Doc. 593) is **granted in part and denied in part**. The Clerk shall unseal Doc. 576, but Doc. 470 shall remain sealed.

2. Defendant's motion to dismiss (Doc. 595) is **denied**.

3. Defendant's motion for subpoena (Doc. 596) is **denied**.

4. Defendant's motion for an order requiring the government to surrender the aircard (Doc. 597) is **denied**.

5. Defendant's motion to dismiss (Doc. 603) is **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on 8/16/2011 to 1/6/2012.

Dated this 6th day of January, 2012.

_____
David G. Campbell
United States District Judge