WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR08-0814-01-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Daniel David Rigmaiden (1), | |
| Defendant. | |

In an order dated March 28, 2012, the Court called for the government to respond to Section I(E) of Defendant's motion for reconsideration. *See* Doc. 788 at 3-4. That section argued that the Court should reconsider its order denying Defendant's request for disclosure of communications between the government and Verizon Wireless or, in the alternative, his request for the FBI's "destroy the evidence" policy. Doc. 787 at 19-21. The government has filed a response. Doc. 795. Having considered Defendant's argument and the government's response, the Court will deny Defendant's request for reconsideration in Section I(E).

The government states that communications regarding the distance of the aircard from cell towers was obtained orally in a telephone conversation between the FBI and a representative from Verizon Wireless. Doc. 795 at 2. The government states that it has searched for any written record of the distance information and has found none. *Id.* Rule 16(a)(1)(E)(i) requires the government to disclose documents or other tangible

objects within its possession, custody, or control. The rule does not require the government to create documents that may provide information a defendant desires to obtain, nor does it require the government to present agents or witnesses for interviews or in-court examination. *United States v. Mahon,* No. CR09-0712-PHX-DGC, 2011 WL 5006737 at *3 (D. Ariz., Oct. 20, 2011) (citing cases). The rule "triggers the government's disclosure obligation only with respect to documents within the federal government's actual possession, custody or control." *United States v. Gatto*, 763 F.2d 1040, 1048 (9th Cir. 1985). As a result, the government is not required by Rule 16 to produce the information obtain orally from Verizon Wireless.

The government also states that it has produced to Defendant the relevant portions of the FBI's policy concerning non-retention of information obtained during operations such as the aircard locating mission. Doc. 795 at 2. Defendant has thus obtained the alternative information he seeks in Section I(E).

For these reasons, the Court will deny the request for reconsideration contained in Section I(E) of Defendant's motion (Doc. 745).

Dated this 5th day of April, 2012.

David G. Campbell
United States District Judge