**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR08-0814-01-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Daniel David Rigmaiden (1), | |
| Defendant. | |

Defendant Daniel Rigmaiden has filed several motions. The Court will address them individually.

**A.      Motion Regarding Court-Appointed Paralegal.**

Defendant asks the Court to order his court-appointed paralegal to do his job, or, in the alternative, dismiss this case with prejudice. Doc. 815. The government has filed a response that takes no position on the requested order, but opposes dismissal with prejudice. Doc. 820. Defendant has not filed a reply.

The motion recounts various failures of Defendant's paralegal and asserts that the failures will impair Defendant's ability to file a motion to suppress. Defendant cites no authority for the proposition that the Court can "order" a defense paralegal to do something, and the Court will not get involved in the business of directing the activities of Defendant's paralegal. Such direct intervention in the defense of this case would be inappropriate. If Defendant is unhappy with the performance of the paralegal, he may terminate the paralegal's services and seek the appointment of a new paralegal.

Nor does Defendant cite authority for the proposition that the Court should dismiss the charges with prejudice when a defense paralegal does not perform to a defendant's satisfaction. Defendant's request for dismissal with prejudice will be denied.

### B. Motion Regarding Location of a "Runner."

Defendant has filed a motion asking the Court to order Defendant's shadow counsel to locate a runner service for Defendant. Doc. 814. Alternatively, Defendant asks the Court to dismiss the charges against him with prejudice. The government has filed a response that takes no position on the requested order, but opposes dismissal with prejudice. Doc. 820. Defendant has not filed a reply.

Although the Court has previously paid runners to deliver materials to Defendant and pick up materials from Defendant, Defendant asserts that there is currently no runner willing to perform the work. Defendant states that shadow counsel's paralegal has been unable to find a runner who will perform the required work. Defendant states that he "instructed" shadow counsel's office "to locate a runner service by following the defendant's specific instructions designed to ensure a very high chance of success," but the work was not completed. Doc. 814 at 2-3. Defendant further complains that his shadow counsel and paralegal appear at the prison on "random dates" with no prior notice to Defendant. *Id*. at 3.

As noted above, the Court should not become entangled in the defense by giving orders for shadow counsel to follow specific directions by Defendant. Conduct of the defense is a matter for Defendant, with assistance from shadow counsel.

Nor does the Court conclude that dismissal with prejudice is warranted because Defendant does not have a personal runner that meets his expectations. As will be described in more detail below, Defendant has been provided ample services in this case.

### C. Motion Regarding Private Investigator.

Defendant has filed a motion asking the Court to order his private investigator to "do his job," or, in the alternative, dismiss this case with prejudice. Doc. 813. The government has filed a response which takes no position on the requested order, but

opposes dismissal with prejudice. Doc. 820. Defendant has not filed a reply.

Defendant asserts that his private investigator has stopped performing work because of slow payment from the Court. Defendant states that a private investigator could have performed many of the tasks that were not performed by his paralegal, but the investigator has not been available to do so.

As noted above, the Court will not intervene between Defendant and his defense team. It would be inappropriate for the Court to begin ordering members of the defense team to perform specific tasks required by Defendant. If Defendant is unhappy with his private investigator, he may terminate his services and seek appointment of a new investigator from the Court.

The Court will not dismiss this case with prejudice. The Court cannot conclude that Defendant's rights to due process have been impaired in any way.

The Court feels compelled to make two observations in connection with these first three motions and the motion that follows. First, Defendant has been provided ample resources in this case. These include five different defense attorneys, none of whom satisfied Defendant's demands; at least two paralegals, neither of whom have proven satisfactory to Defendant; appointment of shadow counsel; payment of a runner to shuttle materials between Defendant and his shadow counsel; payment of private investigators; the use of shadow counsel's paralegal; special arrangements for Defendant to have a laptop computer and related equipment in prison; appointment of a defense expert witness identified by Defendant; purchase of two technical textbooks for Defendant's education in technical issues related to this case; and other accommodations. Second, Defendant has an unfortunate history of being unable to work with virtually every appointed member of his defense team. This includes his five appointed defense attorneys, both paralegals, and his expert witness. Although the Court respects the diligence and thoroughness with which Defendant is seeking to prepare his defense, the Court cannot conclude that Defendant has been deprived of necessary resources. To the contrary, Defendant has been provided substantially more resources than any other

criminal defendant who has appeared before the undersigned judge. To the extent Defendant suggests his right to a fair defense or due process of law have somehow been compromised by inadequate defense resources, the Court does not agree.

### D. Motion For Reconsideration.

Defendant has filed a motion asking the Court to reconsider the current June 1, 2012 deadline for filing a motion to suppress. Doc. 819. On August 12, 2011, Defendant filed a motion to compel discovery that exceeded 100 pages and contained detailed Fourth Amendment analysis. In an order filed on January 5, 2012, the Court concluded that Defendant's Fourth Amendment motion to suppress could be filed by February 17, 2012. Doc. 723. Defendant asked for substantial additional time, and at a hearing on January 27, 2012, the Court agreed to extend the deadline to April 27, 2012. Doc. 768. This deadline would be more than eight months after Defendant had filed his detailed motion to compel addressing many of the relevant Fourth Amendment issues. When Defendant sought still more time, the Court extended the deadline to June 1, 2012, but advised Defendant that "[t]he Court will not grant further extensions of the deadline." Doc. 810.

Defendant's motion to reconsider argues that some of the Fourth Amendment arguments made in his August 2011 motion were based on inaccurate facts. Defendant asserts that his court-appointed mobile telecommunications expert was "incompetent" and provided inaccurate information.[1] Defendant states that he had to undertake his own education into telecommunications technology to replace the incorrect information provided by the expert.

As an illustration of the additional work Defendant has been required to undertake, Defendant has photocopied and delivered to the Court 7,058 pages of technical telecommunications standards. These documents have been delivered to the Court in two

---

[1] Defendant suggests that the Court agreed the expert was incompetent by virtue of the Court's granting of Defendant's request to terminate the expert. The Court granted the request because Defendant no longer wished to retain the expert, and made no independent determination concerning the expert's competency.

over-sized banker's boxes.  In his motion for reconsideration, "the defendant *insists* that the Court read the entire 7,058 pages[.]" Doc. 819 at 2 (emphasis added).  Defendant also requests that the Court complete an 18-step process, outlined with specific detail in his motion, to conduct its own internet research of technical standards.  Doc. 819 at 5-8. Defendant also asserts that preparation of his motion to suppress has been slowed by the incompetence or inefficiency of his paralegal, his investigator, and shadow counsel, as reflected in the motions addressed above.

Defendant's motion for reconsideration will be denied.  As the Court previously has noted, Defendant has been engaged in the collection of relevant information for more than two years and has previously articulated detailed Fourth Amendment arguments that will be included in his motion to suppress.  Although Defendant now asserts that some of the factual information upon which his arguments were based is incorrect, he does not explain how correct factual information will alter the legal arguments.  Nor does he identify any particular period of time that would be required to craft new arguments.

Defendant asserts that he was required to begin his own factual investigation after he learned of the incompetence of his retained expert, but Defendant's motion to terminate the expert was filed on January 19, 2012, more than four months ago. Doc. 742.  The motion noted that Defendant began having difficulties with the expert in April and May of 2011, and realized in November of 2011 that the expert's information was incorrect.  *Id*. at 6.  Thus, Defendant has had many months to compile new factual information needed to support his motion.  Defendant's motion for reconsideration asserts that he has reviewed more than 10,000 pages of technical standards to learn the information needed for his motion to suppress.

The Court cannot conclude that Defendant is unable to meet the Court's deadline. Defendant has had months to obtain correct information about telecommunication standards, and has succeeded in compiling and reviewing some 10,000 pages of material. The Court also notes that, within the last week, Defendant filed an additional 116 exhibits in support of his motion to suppress, consisting of 597 pages of new material.  The Court

| | |
|---|---|
| 1 | concludes that Defendant has had ample time and resources to prepare a motion to |
| 2 | suppress, and will not extend the deadline. |

Finally, Defendant asks the Court to hold an evidentiary hearing where he may question "under oath" his shadow counsel, paralegal, and investigator to support his request for additional time. The Court will not hold such a hearing. Defendant's voluminous filings in this case, now and over the course of the last two years, as well as the unprecedented resources provided Defendant as described above, convince the Court that Defendant is fully capable of setting forth his Fourth Amendment arguments by the deadline previously established by the Court.

**IT IS ORDERED** that the motions addressed above (Docs. 813, 814, 815, 819) are **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 5/18/2012.

Dated this 31st day of May, 2012.

*[Signature]*

David G. Campbell
United States District Judge