**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR08-0814-01-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Daniel David Rigmaiden (1), | |
| Defendant. | |

Defendant Daniel Rigmaiden has filed a motion for leave to file a 369-page motion to suppress that exceeds the 75-page limit set by the Court. Doc. 827. The government opposes the motion (Doc. 828) and argues that 75 pages are sufficient to brief the Fourth Amendment issues in this case.

Most of the arguments made in Defendants motion are not well taken. The 75-page limit was not a "goal," Local Rule 7.2(e)(1) does not authorize a separate statement of facts of almost 200 pages (the local rule refers to statements of fact required by rule, such as LRCiv 56.1(a)), and Defendant is well out of bounds when he characterizes the government's response as "frivolous" (Doc. 837). Upon reading Defendant's motion, the Court was strongly inclined to deny it.

The Court, however, has spent the last 90 minutes reviewing all, and reading significant portions, of Defendant's 369-page motion to suppress. The Court finds little in the motion that is repetitive or unnecessary to Defendant's argument. Defendant does

have the significant challenge of presenting evidence concerning the technology used by the government to locate his aircard, a task made necessary by the government's legitimate withholding of information concerning the technology under the law enforcement privilege. Defendant also attacks 19 separate aspects of the government's investigation as contrary to the Fourth Amendment, and must provide technical explanations and evidence, in addition to legal arguments, with respect to each of these attacks. Because the Court finds little in the motion to suppress that is irrelevant or unnecessary, the Court will grant Defendant's motion to exceed the page limit.

The Court notes that some of the length is due to the fact that Defendant has anticipated and addressed in his motion many arguments to be made by the government, including that he did not have a reasonable expectation of privacy in the items searched and seized, that the good faith exception applies, and that the investigation was approved in various court orders. Because Defendant has already addressed these arguments in some detail, he will not be permitted to file a reply that anywhere approaches the motion. The reply will be limited to 50 pages. This is not a "goal." It is a limit.

The Court recognizes that the government will need additional time to prepare a response to Defendant's motion, and will entertain a motion seeking an extension of the response time.

**IT IS ORDERED** that Defendant's motion to exceed the page limit for his motion to suppress (Doc. 827) is **granted**. The related motion to exceed (Doc. 823) is denied as moot.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 6/5/2012.

Dated this 20th day of June, 2012.

David G. Campbell
United States District Judge