Daniel J. Pochoda (SBA 021979)
Kelly J. Flood (SBA 019772)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
dpochoda@acluaz.org
kflood@acluaz.org

Linda Lye*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm St., 2nd Floor
San Francisco, California 94111
Telephone (415) 621-2493
llye@aclunc.org

Hanni M. Fakhoury*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x. 117
hanni@eff.org

*Admitted pro hac vice
Additional counsel listed on signature page

Attorneys for Proposed *Amici Curiae*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL RIGMAIDEN,<br><br>Defendant. | CASE NO.: 2:08-CR-00814-DGC<br><br>**DECLARATION OF LINDA LYE IN SUPPORT OF UNOPPOSED MOTION BY *AMICI CURIAE* FOR LEAVE TO SUBMIT GOVERNMENT DOCUMENT** |

**CASE NO. 2:08-CR-00814-DGC**
**DECLARATION OF LINDA LYE IN SUPPORT OF UNOPPOSED MOTION BY *AMICI CURIAE* FOR LEAVE TO SUBMIT GOVERNMENT DOCUMENT**

1  I, Linda Lye, declare as follows:

2      1.    I am counsel for *amici* in the above-referenced matter.  The information

3  contained in this declaration is based upon my personal knowledge and if called upon to

4  testify, I could and would competently testify thereto.

5      2.    I am currently litigating a Freedom of Information Act ("FOIA") lawsuit

6  on behalf of the American Civil Liberties Union of Northern California ("ACLU-NC")

7  and the *San Francisco Bay Guardian* against the Department of Justice ("DOJ") for

8  information pertaining to, *inter alia,* the federal government's use of location tracking

9  technology in the Northern District of California.  The matter is pending in the Northern

10  District of California.  *See* American Civil Liberties Union of Northern California, et al. v.

11  Department of Justice, N.D. Cal. Case No. 12-cv-04008-MEJ.

12      3.    On March 22, 2013, I received from counsel for DOJ, via email, a partial

13  response to the FOIA request.  The document production included a two-page internal

14  email string dated May 23, 2013 from the United States' Attorney's Office for the

15  Northern District of California.  A true and correct copy of the email string which I

16  received from DOJ in response to the FOIA request by the ACLU-NC and *San Francisco*

17  *Bay Guardian* is attached as Exhibit 1 to this declaration.

18      4.    Because the email string pertains to the government's use of stingray

19  "technology in the field" in conjunction with "pen register application[s] [that] do[] not

20  make that explicit," I believed it pertained directly to the first issue identified in this Court

21  March 14, 2013 Order (ECF No. 981) on the government's motion for guidance.

22      5.    On March 25, 2013, the first business day after receiving the above-

23  referenced email, I contacted counsel for the government and the office of shadow counsel

24  for Mr. Rigmaiden.  I informed them that I had obtained the email attached as Exhibit 1 to

25  this declaration from the United States Department of Justice on March 22, 2013, that I

26  believed it pertained to the first issue in the Court's March 14, 2013 order, and that I

27

28  **CASE NO. 2:08-CR-00814-DGC**
**DECLARATION OF LINDA LYE IN SUPPORT OF UNOPPOSED MOTION BY** *AMICI CURIAE* **FOR LEAVE TO SUBMIT GOVERNMENT DOCUMENT**

1

intended to seek leave to submit it to the Court in advance of the March 28, 2013 hearing on Mr. Rigmaiden's motion to suppress. I requested that the parties stipulate to or not oppose *amici*'s motion to submit the document. I requested a response by noon the following business day, so that *amici* could submit the document in advance of the March 28, 2013 hearing.

6. On March 26, 2013, I exchanged emails with Dan Colmerauer, a paralegal in the office of Mr. Rigmaiden's shadow counsel, Philip Seplow. Mr. Colmerauer informed me that Mr. Rigmaiden had no objection to *amici*'s submission of this email to the Court.

7. On March 26, 2013, I received an email from Mr. Battista, counsel for the government, stating: "In light of the fact that the subject e-mail exchange was recently released to your office by the USAO for the ND of CA, this office does not oppose your office offering the two pages in the above-cited case."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 26th day of March 2013 in San Francisco, California.

_____/s/_____
Linda Lye

2

**CASE NO. 2:08-CR-00814-DGC**
**DECLARATION OF LINDA LYE IN SUPPORT OF UNOPPOSED MOTION BY *AMICI CURIAE* FOR LEAVE TO SUBMIT GOVERNMENT DOCUMENT**

# Exhibit 1

**Kenney, Patricia (USACAN)**

**From:** Waldinger, Kyle (USACAN)
**Sent:** Monday, May 23, 2011 12:48 PM
**To:** Beausey, Karen (USAMA); USACAN-Attorneys-Narcotics
**Subject:** RE: IMPORTANT INFORMATION RE: PEN REGISTERS

And just to be super clear, the agents may not use the term "WIT" (or "WITT") but rather may be using the term "Triggerfish" or the term "Stingray," so please make sure that the agents know what you are referring to.

---

**From:** Beausey, Karen (USACAN)
**Sent:** Monday, May 23, 2011 12:17 PM
**To:** USACAN-Attorneys-Narcotics
**Subject:** FW: IMPORTANT INFORMATION RE: PEN REGISTERS
**Importance:** High

Hi everyone. Miranda asks 4 questions, but I think we need an answer to a 5th one as well: whether or not the initial intended purpose of the pen register was to use the WIT technology to locate someone, did the agents eventually use the pen in that way? In other words, a pen might have started out as just a pen, and later the agents decided to use the order to also attempt to locate the target. They may or may not have told you about this decision. So, check in with your agents and find out whether they have been using pen register orders to locate targets with the WIT boxes, whether or not they started out intending to do so.

Thanks.


Karen

---

**From:** Kane, Miranda (USACAN)
**Sent:** Monday, May 23, 2011 11:55 AM
**To:** USACAN-Attorneys-Criminal
**Subject:** IMPORTANT INFORMATION RE: PEN REGISTERS
**Importance:** High

**Effective immediately all pen register applications and proposed orders must be reviewed by your line supervisor before they are submitted to a magistrate judge.**

As some of you may be aware, our office has been working closely with the magistrate judges in an effort to address their collective concerns regarding whether a pen register is sufficient to authorize the use of law enforcement's WIT technology ( a box that simulates a cell tower and can be placed inside a van to help pinpoint an individual's location with some specificity) to locate an individual. It has recently come to my attention that many agents are still using WIT technology in the field although the pen register application does not make that explicit.

While we continue work on a long term fix for this problem it is important that we are consistent and forthright in our pen register requests to the magistrates which is why I am

1

adding this additional review. I anticipate that I will be able to eliminate the line supervisor approval requirement once we have an opportunity to discuss the issue with the bench and revise the language in our common application. In the meantime, I appreciate your cooperation in this matter.

In addition, if you have requested a pen register in the last six months – since January 2011 - please provide the following information to your supervisor as soon as possible: 1) Was the pen register approved by a magistrate? 2) Which magistrate reviewed it? 3) Was the purpose of the pen register to locate a person? 4) Did the agency requesting the pen register use WIT technology? This information will be extremely valuable to me in my discussions with the magistrate judges.

Again, thank you in advance for your assistance. I will update everyone about the status of this issue at our Criminal Division Meeting on June 7, 2011.

Miranda