Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Daniel David Rigmaiden, et al.,

Defendant.

No. CR08-814-PHX-DGC

NOTICE OF APPEAL (INTERLOCUTORY) FROM PORTION OF COURT'S ORDER (Dkt. #1009) DENYING Dkt. #847 AND Dkt. #927

Notice is hereby given that Daniel David Rigmaiden, *pro se* defendant in the above named case, hereby appeals (interlocutory) to the United States Court of Appeals for the Ninth Circuit from an order denying the defendant's **(1)** *Motion For Order Requiring Government To Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT Warrants* (Dkt. #847), and **(2)** *First Supplement To Motion For Order Requiring Government To Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT Warrants*,[1] *i.e.*, the motions requesting that the district court order the government to destroy all seized *out-of-scope* data in its possession, as required by the express terms of the N.D.Cal. warrants. The

1. This motion was a proposed motion (Dkt. #927) corresponding to a motion for leave to file (Dkt. #926). At Dkt. #1009, the Court granted the defendant's motion for leave to file Dkt. #927. *See Court's May 8, 2013 Order*, p. 50. However, the defendant does not have access to the docket for his case and does not know what the new docket number is for *First Supplement To Motion For Order Requiring Government To Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT Warrants*.

defendant will be proceeding *pro se* on this interlocutory appeal and does not require appointment of counsel.

The district court denied the above motions on May 8, 2013 via an order at Dkt. #1009. While other sections of the order are relevant to the district court's decision, the primary portion of the order addressing the motions at Dkt. #847 and Dkt. #927 reads as follows:

> Defendant filed a Motion for Order Requiring Government to Comply with Data Deletion Requirements, requesting an order directing the government to delete or destroy data not originally seized by Agent Daun. Doc. 847. Specifically, Defendant seeks an order requiring the government to locate and isolate all the physical data storage devices that were seized from his apartment and storage unit and sanitize (by overwriting the devices with random data) or physically destroy the devices, with the exception of the files and data listed in Agent Daun's 'Computer Forensic Report.' *Id.* at 5-8. The government objects, contending that there is no authority for Defendant's demands. Doc. 873 at 66. The Court agrees and, as discussed above, finds that the government made a good faith effort to comply with the Computer Search Protocol by deleting mirrored images of devices that contained no relevant information. The motion is denied. Defendant's motion for leave to supplement the motion (Doc. 926) is granted.
>
> *Court's May 8, 2013 Order* (Dkt. #1009, p. 49-50).

During the March 28, 2013 motions hearing, the defendant identified additional storage devices that contain *out-of-scope* data that also require destruction pursuant to the terms of the N.D.Cal. warrants:

> [THE DEFENDANT:] One other issue that's tied in with the digital data search is the government failing to delete out-of-scope data and wipe the seized storage devices, which is a requirement in the warrants. This is discussed in my motions at Docket 847 and 927. I'm not going to go into too many details on this, but I am going to add a couple of points to the process I described at the end of the motions that I want the government to follow to delete the data. There are a couple of categories of data that I left out.
>
> One is they need to delete and overwrite file and folder properties corresponding to all deleted files that were deleted prior to the government seizing the storage devices. And apart from the storage devices, they also need to delete all residual data that may exist from their forensic examinations, because that data would contain out-of-scope data as well....
>
> *March 28, 2013 Motions Hearing Transcript*, p. 20.

For the district court's and government's information, the portion of the order being appealed is a final decision based on the "collateral-order" exception under Cohen v.

Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). All requirements are met under *Cohen*.

* * * * *

This notice was drafted by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to sign and file this notice on his behalf using the ECF system.

DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

s/ Daniel Rigmaiden

Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

Respectfully Submitted: May 15, 2013

PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

CERTIFICATE OF SERVICE

I hereby certify that on: May 15, 2013 I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))