Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

United States of America,

     Plaintiff,

v.

Daniel David Rigmaiden, et al.,

     Defendant.

No. CR08-814-PHX-DGC

SUBMISSION OF TRANSCRIPT OF EVIDENCE RELEVANT TO UNSUPPORTED FINDINGS RE: INTERLOCUTORY APPEAL OF PORTION OF COURT'S ORDER (Dkt. #1009) DENYING Dkt. #847 AND Dkt. #927

[**F.R.A.P. 10(b)(2)**]

Defendant, Daniel David Rigmaiden, appearing *pro se*, hereby submits this transcript of evidence relevant to unsupported findings made by the district court in its May 8, 2013 order at Dkt. #1009. This transcript is submitted pursuant to F.R.A.P. 10(b)(2) in reference to the defendant's interlocutory appeal from the portion of the district court's order at Dkt. #1009 denying the defendant's motions at Dkt. #847 and #927.

The district court's unsupported factual findings at Dkt. #1009 are as follows:

> [T]he government states that the prosecution team consulted with "a representative of the U.S. Attorney's Office for the Northern District of [California] who assisted in the preparation of the search warrants" to determine the proper interpretation of the [computer search] protocol....
> …
> As noted above, the government sought guidance concerning the meaning of the [computer search] protocol from the U.S. Attorneys' Office in the Northern District of California... [AUSA Battista's] interpretation applie[s] in the Northern District of California, where the protocol was created...
> ….
> It sought the advice of the Northern District of California concerning interpretation of the protocol...

SUBMISSION OF TRANSCRIPT OF EVIDENCE RELEVANT TO UNSUPPORTED FINDINGS RE:
INTERLOCUTORY APPEAL OF PORTION OF COURT'S ORDER (Dkt. #1009) DENYING Dkt. #847 AND Dkt. #927
CR08-814-PHX-DGC

1
2

> The government obtained the Amended Warrant, and later sought and
> relied on legal advice from the Northern District of California in interpreting
> the deadlines set forth in the Computer Search Protocol....

3

*Court's May 8, 2013 Order* (Dkt. #1009, p. 38, 40-41, 45 & 49 (second
alteration on Court's order)).

4   Therefore, the district court found **(1)** the government in Arizona contacted the USAO

5   of the Northern District of California in order to obtain its interpretation of the "Computer

6   Search Protocol For The Northern District Of California," as it is applies in the Northern

7   District of California, and **(2)** the Arizona agents and AUSA Battista's interpretation of the

8   "Computer Search Protocol For The Northern District Of California" is precisely the same as

9   how the protocol is interpreted in the Northern District of California.

10   The above findings were based solely on a statement given by the lead prosecutor

11   (*i.e.*, AUSA Frederick A. Battista) in his motion at Dkt. #986, and reiterated by him at the

12   March 28, 2013 Motion Hearing.  The district court did not base its findings on any evidence

13   or case law but instead on the general *presumption of honesty* applied to all federal

14   prosecutors who practice law in his courtroom.

15   Evidence rebutting the district court's findings, which were based on an implied

16   finding of a *presumption of honesty* applied to prosecutors, is contained in the September 22,

17   2011 Motion Hearing transcript and in the March 28, 2013 Motion Hearing transcript.  By

18   comparing AUSA Battista's clear statements made at the two hearings, it is evident that

19   AUSA Battista is willing to make **false claims** to the district court for the purpose of winning

20   whatever argument that suits the government's interests at the time:

21   <u>***Statement Made By AUSA Battista On September 22, 2011***</u>

22   [THE COURT:]  Mr. Rigmaiden has been arguing that the government
was using a StingRay produced by Harris.  This document seems to support
23   that.

24   MR. BATTISTA:  Let me respond to that, Your Honor.

25   THE COURT: Yeah, please.

26   …

27   [MR. BATTISTA:]  In the law enforcement world, there's a StingRay
and then there's the generic term "StingRay" meaning all types of devices.  The
five case agents were using the term "StingRay" as the term "Kleenex."  They
28   did not operate the equipment.  **They did not know what the equipment is**.

SUBMISSION OF TRANSCRIPT OF EVIDENCE RELEVANT TO UNSUPPORTED FINDINGS RE:
INTERLOCUTORY APPEAL OF PORTION OF COURT'S ORDER (Dkt. #1009) DENYING Dkt. #847 AND Dkt. #927
CR08-814-PHX-DGC

They didn't receive any training on the equipment.

...None of the five investigators know the make, model, manufacturer of the exact equipment.  There were tech agents out there.  They're the ones who possessed the equipment, operated the equipment.

...They don't know.  It could be a StingRay.  It could not be.  It could be something else.  **They didn't know what it was.  They didn't see it**...

*September 22, 2011 Motion Hearing, Partial Transcript of Proceedings*, p. 35-36 (emphasis added).

_____

### ***Statement Made By AUSA Battista On March 28, 2013***

[THE COURT:]  All right.  A couple other questions, Mr. Battista.  Mr. Rigmaiden has argued that there is no evidence in this case that the warrant, Document 330, or Order 330, was used in the process of the mobile tracking device operation, was in the hands of the agents or was actually giving them guidance in the process.  What is your response to that?

MR. BATTISTA:  Your Honor, obviously the government is not willing to disclose the identity of the technical agents, but **there are witnesses who have observed the technical agents doing their activities** and can hearsay the fact that they personally have spoken to the technical agents, and the technical agents were provided a copy of the order and reviewed the order....

So the government, through -- if the Court needs it, the government is prepared through hearsay testimony to say that the agents had been spoken to, they were provided a copy of the warrant, they did review the warrant, **they were observed operating the equipment**,...

*March 28, 2013 Motion Hearing Transcript*, p. 67-68 (emphasis added).

The above evidence of AUSA Battista's general dishonesty—in relation to key issues presented to the court—is also direct evidence rebutting the district's court's *presumption of honesty* applied to AUSA Battista's unsubstantiated claim that **(1)** he received guidance from the USAO in the Northern District of California in interpreting the "Computer Search Protocol For The Northern District Of California," and **(2)** his interpretation and the Arizona agents' interpretation of the protocol is the same as the interpretation applied in the Northern District of California.

Therefore, pursuant to F.R.A.P. 10(b)(2), the defendant submits the following transcript of evidence relevant to the district court's unsupported findings relevant to the defendant's interlocutory appeal:

///

SUBMISSION OF TRANSCRIPT OF EVIDENCE RELEVANT TO UNSUPPORTED FINDINGS RE:
INTERLOCUTORY APPEAL OF PORTION OF COURT'S ORDER (Dkt. #1009) DENYING Dkt. #847 AND Dkt. #927
CR08-814-PHX-DGC

1.   **Evidence Item No. 1**: *Pages 35-36 of the September 22, 2011 Motion Hearing, Partial Transcript of Proceedings*.

2.   **Evidence Item No. 2**: *Pages 67-68 of the March 28, 2013 Motion Hearing Transcript*.

* * * * *

This transcript of evidence was drafted by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to sign and file this transcript on his behalf using the ECF system.

DANIEL DAVID RIGMAIDEN,  Pro Se
Defendant:

s/ Daniel Rigmaiden

Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

///
///
///
///
///
///
///
///
///
///
///
///
///

- 4 -

1    Respectfully Submitted:

2

3                                                    PHILP SEPLOW, Shadow Counsel, on
                                                     behalf of DANIEL DAVID RIGMAIDEN,
4                                                    Pro Se Defendant:

5

6                                                    s/ Philip Seplow
                                                     Philip Seplow
7                                                    Shadow Counsel for Defendant.

8                              CERTIFICATE OF SERVICE

9

10        I hereby certify that on:                   I caused the attached document to be

11   electronically transmitted to the Clerk's Office using the ECF system for filing and
     transmittal of a Notice of Electronic Filing to the following ECF registrants:

12

13   Taylor W. Fox, PC
     Counsel for defendant Ransom Carter
14   2 North Central Ave., Suite 735
     Phoenix, AZ 85004
15

16   Frederick A. Battista
     Assistant United States Attorney
17   Two Renaissance Square
     40 North Central Ave., Suite 1200
18   Phoenix, AZ 85004

19
     Peter S. Sexton
20   Assistant United States Attorney
     Two Renaissance Square
21   40 North Central Ave., Suite 1200
     Phoenix, AZ 85004
22

23   James R. Knapp
     Assistant United States Attorney
24   Two Renaissance Square
     40 North Central Ave., Suite 1200
25   Phoenix, AZ 85004

26

27
     By: s/ Daniel Colmerauer
28   (Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*SUBMISSION OF TRANSCRIPT OF EVIDENCE RELEVANT TO UNSUPPORTED FINDINGS RE:*
*INTERLOCUTORY APPEAL OF PORTION OF COURT'S ORDER Dkt. #1009) DENYING Dkt. #847 AND Dkt. #927*
*CR08-814-PHX-DGC*