Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>    Defendant. | No. CR08-814-PHX-DGC<br><br>NOTICE OF OBJECTION TO GOVERNMENT'S REQUEST (Dkt. #1026) FOR ADDITIONAL TIME TO RESPOND TO Dkt. #1013 AND NOTICE OF OBJECTION TO GOVERNMENT RESPONDING TO Dkt. #1013 AT ALL AND NOTICE OF INTENT TO STRIKE GOVERNMENT RESPONSE |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Notice Of Objection To Government's Request (Dkt. #1026) For Additional Time To Respond To Dkt. #1013 And Notice Of Objection To Government Responding To Dkt. #1013 At All And Notice Of Intent To Strike Government Response*. On May 17, 2013, the government filed Dkt. #1026 wherein it stated that the defendant had no objection to the government taking additional time to respond to four pending motions. However, when the defendant's defense asked the defendant for his position on the government's request, he was only informed of the government's intent to respond to Dkt. #1000, #1005, and #1016. The defendant was not notified of the government's intent to respond to the defendant's *First Supplement to Motion for Order Requiring Government to Comply With Data Deletion Requirements of N.D. Cal. 08-70460-HRL/PVT, 08-70503-PVT, and 08-70502-PVT Warrants* (Dkt. #1013). Furthermore, the defendant could not have inferred the government's intent to respond

1  considering Dkt. #1013 (previously Dkt. #927) and the parent motion at Dkt. #846[1] were
2  already denied by the Court on March 28, 2013 via Dkt. #1009.

3       The defendant objects to the government receiving additional time to respond to Dkt.
4  #1013.  The defendant also objects to the government responding to Dkt. #1013 *at all*, let
5  alone by June 7, 2013, considering the motion and its parent motion were already denied by
6  the Court at Dkt. #1009.  On May 15, 2013, the defendant filed his notice of interlocutory
7  appeal to the Ninth Circuit (Dkt. #1018) appealing the district court's order denying Dkt.
8  #1013 (previously #927) and denying Dkt. #846.  Two days later, the government established
9  its intent to respond to Dkt. #1013 but did not inform the defendant of that intent prior to
10 filing its request for additional time at Dkt. #1026.  Had the defendant been asked for his
11 position prior to the government filing Dkt. #1026, the defendant would have objected to the
12 government's request with respect to Dkt. #1013.

13      The government responding to Dkt. #1013 after it was denied and while an appeal is
14 pending in the Ninth Circuit is a clear legal tactic designed to create the appearance that the
15 underlying issue is yet to receive "a complete and final determination... in the district court."
16 United States v. Griffin, 617 F.2d 1342 (9th Cir. 1980).  The Ninth Circuit recently ordered
17 the defendant to show cause as to why the issue being appealed is final.  Therefore, the
18 government's intent to respond to Dkt. #1013 is a tactic that will only confuse the issue for
19 those reviewing the record.   In addition, the government responding to Dkt. #1013 is a tactic
20 to place new arguments on the district court record so that they can be raised by the
21 government on appeal.  The defendant objects to the government's tactics and will move to
22 strike its response to Dkt. #1013 if filed by the government.

23      This notice was drafted by the *pro se* defendant, however, he authorizes his shadow
24 counsel, Philip Seplow, to file this notice on his behalf using the ECF system.

25      It is not expected that excludable delay under 18 U.S.C. § 3161(h) will occur as a
26 result of this notice.

---

1. *I.e., Motion For Order Requiring Government To Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, and 08-70502-PVT warrants*.

Respectfully Submitted:

                        PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

                        s/ Philip Seplow
                        Philip Seplow
                        Shadow Counsel for Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on:                    I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))