Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>    Defendant. | No. CR08-814-PHX-DGC<br><br>MOTION FOR RECONSIDERATION OF PORTIONS OF COURT'S ORDER AT Dkt. #723 RE: DISCOVERY OF STINGRAY AND KINGFISH EVIDENCE |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Motion For Reconsideration Of Portions Of Court's Order At Dkt. #723 RE: Discovery Of StingRay And KingFish Evidence*. LRCiv 7.2(g) states that a motion for reconsideration may be brought if there is "manifest error or a showing of new facts or legal authority that could not have been brought to [][the court's] attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." *Id*. This motion is being brought based on the Court's manifest error in ignoring the conditions and concessions established at the January 27, 2012 status conference relating to suppression issues and the government's withholding of evidence based on a claim of "law enforcement privilege."[1]

---

1. The instant motion was drafted and filed as quickly as possible. The need for the

- 1 -

After the government asserted a "law enforcement privilege," the Court denied the defendant's request for discovery relating to the operations of the StingRay and KingFish based on a finding that "Defendant has ample alternative means of making his arguments with respect to the particularity of the warrant and the scope of the search[.]" Dkt. #723, p. 21. During the January 27, 2012 status conference, the Court and the parties discussed the order at Dkt. #723 and the implications of the government's concession that "the aircard tracking operation was a Fourth Amendment search and seizure."[2] During that discussion, the Court indicated that the defendant would not have to prove the intrusiveness of each independent operation of the StingRay and KingFish considering each independent operation is being conceded by the government as being a **separate** Fourth Amendment search and/or seizure:

> THE DEFENDANT: [] Does that mean [][I] don't have to prove all of these individual, specific actions were searches and seizures? Like the Government is now conceding that if, as a factual matter, I can prove that they wrote data to the air card, then that was a Fourth Amendment search and seizure. And if as a factual matter I can prove that they deactivated encryption or read data from the air card, seized stored data on the air card, as long as I can prove all of that as a factual matter, then I don't have to actually prove that those are Fourth Amendment searches and seizures, because they are already admitting that they are. Is that what the Government --
>
> THE COURT: The way I think I would say it, and see if this is right, Mr. Battista, is --
>
> MR. BATTISTA: I'm listening, Your Honor.
>
> THE COURT: Yeah, I want you to hear this. Let's take writing data to the air card as one example. Let's take increasing power consumption on the laptop as a second example. And let's take locating the air card precisely in the apartment as a third example.
>
> It seems to me what the Government has conceded is that **any one of those three** is sufficiently intrusive to constitute a Fourth Amendment search if Mr. Rigmaiden had a reasonable expectation of privacy in the apartment and the laptop and the air card.

---

previously denied discovery surfaced shortly after the Court issued its March 28, 2013 order at Dkt. #1009. Before drafting the instant motion, the defendant was busy drafting his motion for reconsideration of the Court's order at Dkt. #1009, which was due by May 22, 2013. The Court's order at Dkt. #1009 contained numerous errors that needed to be addressed and it took the defendant the entire two weeks from May 8, 2013 to May 22, 2013 to complete the motion. The instant motion was completed by the defendant on May 24, 2013 and was retrieved from CCA-CADC for filing on May 29, 2013.

2. *Government's Memorandum Re Motion For Discovery* (Dkt. #674, p. 1).

MOTION FOR RECONSIDERATION OF PORTIONS OF COURT'S ORDER AT Dkt. #723 RE: DISCOVERY OF STINGRAY AND KINGFISH EVIDENCE
CR08-814-PHX-DGC

>     We are not going to come back if he, for example, asserts that this increased power consumption on the computer and argue, well, even if he had a reasonable expectation of privacy in the computer, even if you find that, Judge, increasing power isn't sufficiently intrusive to constitute a Fourth Amendment search. You are not going to make that argument because you are conceding intrusiveness. Is that correct?
>
>     MR. BATTISTA: Your Honor, I think that we would be willing to concede that it is part of the search. I mean, I think we may end up arguing with the defendant as to whether or not it's reasonable or not reasonable, whether or not it exceeded the scope of the warrant or whatever. But I think the -- obviously two and three that the Court mentioned, we would be conceding that it was -- that that was part of the air card mission -- that would possibly have been part of the air card mission. **And that we had conceded that all of the -- those aspects or similar aspects of the air card mission can be considered a search by the Court**.
>     …
>
>     THE COURT: Here's where I see it coming up. Let's say in his motion to suppress he has three pages where he argues that you had Verizon write data to the air card. Let's leave that one. Let's say he has three pages saying that you wrote data to the air card, your device did that, puts in all of his facts. It seems to me what **you cannot come back and argue** is, even if that's true, Judge, **writing data to an air card is not sufficiently intrusive to constitute a Fourth Amendment search**.
>
>     MR. BATTISTA: I don't think we would do that, Your Honor...
>
> *January 27, 2012 Status Conference, Partial Transcript of Proceedings*, p. 13-23 (emphasis added).

However, when ruling on the defendant's *Motion To Suppress* (Dkt. #824), the Court ignored the above concessions and found that the FBI's use of the StingRay and KingFish to locate the aircard "was not a 'severe intrusion[,]'" Dkt. #1009, p. 13, and that the independent Fourth Amendment searches and seizures identified by the defendant were merely "details of the device's operation [][and] clearly concern the manner in which the search was to be executed, something that need not be stated with particularity in the warrant." *Id.*, p. 27. In other words, the Court dishonored what "Mr. Rigmaiden need[ed] to know,"[3] before filing his *Motion To Suppress*, *i.e.*, that the Court's "general assumption going into this motion is going to be that intrusiveness is not an issue[]"[4] and that the government would not be permitted to make arguments to the likes of, "[w]ell, **that part** of what we did isn't a search

---
3.   *January 27, 2012 Status Conference, Partial Transcript of Proceedings*, [THE COURT], p. 16.
4.   *Id.*, [THE COURT], p. 25.

- 3 -

1  because it's not intrusive."[5]  Rather than find that each **part** was sufficiently intrusive to be
2  a **separate** Fourth Amendment search and/or seizure, as was agreed on January 27, 2012, the
3  Court instead found that "Defendant's efforts to parse the warrant requirement further are no
4  more persuasive here than were the defendants' similar efforts in *Dalia* and *Brooks*."[6]

5        The whole point of the government conceding that its **independent** actions were
6  **separate** Fourth Amendment searches and seizures was to avoid production of evidence
7  relating to the StingRay and KingFish, which would have allowed the defendant to prove the
8  Fourth Amendment intrusiveness of each **independent** StingRay/KingFish operation
9  applicable to the Court's scope and particularity analysis.  When the government made its
10 concessions on January 27, 2012, it was fully aware that "the defendant's concern [] goes
11 more to possibly the Government having exceeded the scope of the order."[7]  Despite all of
12 this, the government dishonored what was discussed at the January 27, 2012 status
13 conference by later arguing that the independent searches and/or seizures identified by the
14 defendant were merely *Dalia*[8] style details of "how the Aircard is to be located or what
15 actions will be taken to locate the Aircard."  Dkt. #873, p. 51 (*citing* Dalia v. United States,
16 441 U.S. 238 (1979)).  The Court then adopted the government's *Dalia* reasoning and denied
17 the defendant's scope and particularity arguments raised in his *Motion To Suppress*.  *See* Dkt.
18 #1009.

19       The above circumstances merit a reconsideration of the Court's order at Dkt. #723 –
20 which denied the defendant's request for evidence relating to the operations of the StingRay
21 and KingFish.  The Court originally denied the defendant's request for evidence because, in
22 part, he was not required to prove the intrusiveness of each independent government action
23 occurring during operation of the StingRay and KingFish.  Because it was conceded that
24 each **independent** government action was intrusive enough to constitute a **separate** Fourth

---

5.   *Id.* (emphasis added).
6.   United States v. Rigmaiden, CR08-814-PHX-DGC, *Court's March 28, 2013 Order*, Dkt. #1009, p. 27 (D.Ariz.).
7.   *Id.*, [THE COURT], p. 20.
8.   *See* Dalia v. United States, 441 U.S. 238 (1979).

*MOTION FOR RECONSIDERATION OF PORTIONS OF COURT'S ORDER AT Dkt. #723 RE: DISCOVERY OF STINGRAY AND KINGFISH EVIDENCE CR08-814-PHX-DGC*

Amendment search and/or seizure, there was no need for the defendant to examine the details of the equipment's operation to extract evidence on how each action was intrusive enough to constitute a **separate** Fourth Amendment search and/or seizure.  Therefore, the concessions used to deny the defendant's *Motion For Discovery* necessarily precluded an application of *Dalia* for the purpose of rejecting the defendant's scope and particularity challenges.  Clearly, an independent StingRay/KingFish operation conceded by the government as being sufficiently intrusive to constitute a **separate** Fourth Amendment search and/or seizure does not in any way fall under the umbrella of a *Dalia* style detail "concern[ing] the manner in which the search [(*i.e.*, the separate "location search")] was to be executed[.]" Dkt. #1009, p. 27.

Now that the Court has dishonored the January 27, 2012 concessions and applied *Dalia*, the defendant needs to examine StingRay and KingFish user manuals, *etc.*[9] for the purpose of obtaining evidence in support of a rebuttal to the government's argument that the equipment's independent operations were merely details of "how the Aircard is to be located or what actions will be taken to locate the Aircard[,]"[10] as opposed to **separate** Fourth Amendment searches and/or seizures (as was conceded).  In other words, because the Court **(1)** ignored the conditions and concessions established on January 27, 2012 clarifying the government's broad concession that "the aircard tracking operation was a Fourth Amendment search and seizure[,]"[11] and **(2)** found that the evidence detailed by the defendant at Dkt. #824-1 was insufficient to prove that the independent operations of the StingRay and KingFish constituted **separate** Fourth Amendment searches and/or seizures (*i.e.*, each action "was not a 'severe intrusion[,]'" Dkt. #1009, p. 13, and, therefore, they "need not be stated with particularity in the warrant[,]" *Id.*, p. 27), the defendant clearly did not have "ample

---

9.   The defendant needs all instructions manuals, operations manuals, user manuals, schematics, patent information, and test data relating to the Harris StingRay, KingFish, AmberJack, and related equipment used by the FBI technical agents in this case.  This should be sufficient to prove the required intrusiveness of each independent operation of the equipment for the purposes of the defendant's scope and particularity arguments.

10.   Dkt. #873, p. 51.

11.   *Government's Memorandum Re Motion For Discovery* (Dkt. #674, p. 1).

MOTION FOR RECONSIDERATION OF PORTIONS OF COURT'S ORDER AT Dkt. #723 RE: DISCOVERY OF STINGRAY AND KINGFISH EVIDENCE
CR08-814-PHX-DGC

alternative means of making his arguments with respect to the particularity of the warrant and the scope of the search[.]"  Dkt. #723, p. 21.  The defendant respectfully requests that the Court reconsider its order at Dkt. #723 and grant the defendant all evidence pertaining to the StingRay, KingFish, and related equipment used to locate the aircard.

Once the defendant has the needed evidence, he will update the record in order to adequately prove to the Court that the various independent operations conducted by the StingRay and KingFish were intrusive enough to constitute **separate** Fourth Amendment searches and/or seizures, as opposed to *Dalia* style details necessarily implied from a generically defined "locating mission."  After all, the Court told the defendant on January 27, 2012 that "[i]f we get to a gray area, I'm not going to -- I'm not going to say: Well, you didn't prove intrusiveness in this gray area, so I'll at least give you an opportunity to make that argument before I do that if there is a gray area that we haven't covered[.]"[12]  The defendant's need for the evidence clearly outweighs any claimed "law enforcement privilege."  "Even sensitive law enforcement information must be disclosed if it is needed for an effective defense."  Dkt. #723, p. 3.

This filing was drafted by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this filing on his behalf using the ECF system.

LRCrim 12.2(a) requires the following text in motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or of an order based thereon."

///
///
///
///
///
///
///

---

12.  *January 27, 2012 Status Conference, Partial Transcript of Proceedings*, [THE COURT], p. 27.

Respectfully Submitted:

PHILP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

s/ Philip Seplow
Philip Seplow
Shadow Counsel for Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on:                    I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Taylor W. Fox, PC
Counsel for defendant Ransom Carter
2 North Central Ave., Suite 735
Phoenix, AZ 85004

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))