Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>            Defendant. | No. CR08-814-PHX-DGC<br><br>MOTION REQUESTING EVIDENTIARY HEARING TO SETTLE CONTESTED ISSUES OF FACT RE: MOTIONS FOR RECONSIDERATION OF MOTION TO SUPPRESS AND MOTION FOR DISCOVERY |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Motion Requesting Evidentiary Hearing To Settle Contested Issues Of Fact RE: Motions For Reconsideration Of Motion To Suppress And Motion For Discovery*. Through this motion, the defendant respectfully requests that the Court hold an evidentiary hearing so that witness testimony may be heard, and documents in the possession of witnesses may be examined, in order to settle contested issues of fact going to the validity of the Fourth Amendment searches and seizures in question. The defendant seeks to settle contested issues of material fact identified at, and relevant to, the defendant's **(1)** *Motion For Reconsideration Of Portions Of Court's Order At Dkt. #1009 RE: Fourth Amendment Suppression Issues* (Dkt. #1033), and **(2)** *Motion For Reconsideration Of Portions Of Court's Order At Dkt. #723 RE: Discovery Of StingRay And KingFish Evidence* (Dkt. #???),[1] hereby incorporated into this

---

1.   The docket numbers for the defendant's *Motion For Reconsideration Of Portions Of Court's Order At Dkt. #723 RE: Discovery Of StingRay And KingFish Evidence*, and declaration RE: *The independent operations of the FBI's cell site emulators, etc. used to*

- 1 -

motion by reference. "An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986). Below, the defendant lists the relevant contested issues of fact[2] with references to the moving papers and sublists of proposed witnesses with explanations as to why their testimony may resolve the contested facts.

The defendant identifies the following contested issues of fact going to the validity of the searches and seizures addressed in the Court's order at Dkt. #1009:

\* \* \*

1.   Whether the elements of each independent operation of the StingRay and KingFish used to locate the aircard are sufficiently intrusive to classify each relevant independent operation as a **separate** Fourth Amendment search and/or seizure. *See Motion For Reconsideration Of Portions Of Court's Order At Dkt. #723 RE: Discovery Of StingRay And KingFish Evidence* (Dkt. #???), and *Motion For Reconsideration Of Portions Of Court's Order At Dkt. #1009 RE: Fourth Amendment Suppression Issues*, Section I, ¶ No. 7 (Dkt. #1033), to determine whether the fact remains in dispute and whether it goes to the validity of challenged searches and seizures.

The government plainly conceded that "the aircard tracking operation was a Fourth Amendment search and seizure."[3] While discussing the implications of that concession on

---

locate the UTStarcom PC5740 1xEV-DO aircard in United States v. Rigmaiden, CR08-814-PHX-DGC (D.Ariz.), are unavailable for inclusion in this motion considering they are being filed by the defendant's shadow counsel's office at the same time of the instant motion.

2. The Court's numerous factual errors at Dkt. #1009 creates the appearance of there being many more disputed facts in addition to those addressed in this motion. However, the Court simply failed to review the uncontested evidence placed on the record by the defendant and instead adopted the facts fallaciously asserted in the government's briefs. For those so-called disputed facts, the evidence is clear, indisputable, and already on the record. Therefore, the purpose of this motion is to only address (1) the disputed facts that came into existence after the Court invented them at Dkt. #1009—with no support in evidence—and (2) the facts that were *brought back* into dispute by the Court ignoring the established government concessions regarding the intrusiveness of the independent operations of the StingRay and KingFish.

3.   *Government's Memorandum Re Motion For Discovery* (Dkt. #674, p. 1).

- 2 -

January 27, 2012, the Court and the government agreed that the defendant would not be challenged in identifying and classifying all the independent operations of the StingRay and KingFish as **separate** Fourth Amendment searches and seizures. *See* Dkt. #1033, Section II(B), p. 15. The Court and government agreed that they would ***not*** come back and say that the independent operations identified and classified by the defendant were not intrusiveness enough to constitute **separate** Fourth Amendment searches and/or seizures. *See id*. The defendant then identified and classified each independent StingRay/KingFish operation in his *Motion To Suppress*, *see* Dkt. #824-1, and filed a motion for appointment of a cdma2000 expert to back the defendant's *Technical Explanations*. *See Ex Parte Motion To Appoint 1xEV-DO Rel. 0, Etc. Expert To Defense* (Dkt. #866). The Court then denied the motion for appointment of an expert because, among other reasons, the proposed expert "has confirmed that Defendant's detailed technical arguments in the motion to suppress are correct[.]" *Court's August 10, 2012 Order*, p. 1 (Dkt. #871).[4]

However, when it came time to rule on the suppression issues, the Court found that the FBI's use of the StingRay and KingFish to locate the aircard "was not a 'severe intrusion[,]'" Dkt. #1009, p. 13, and that the independent Fourth Amendment searches and/or seizures identified by the defendant were merely "details of the device's operation [][and] clearly concern the manner in which the search was to be executed, something that need not be stated with particularity in the warrant." *Id.*, p. 27. In other words, the Court dishonored what "Mr. Rigmaiden need[ed] to know,"[5] before filing his *Motion To Suppress*, *i.e.*, that the Court's "general assumption going into this motion is going to be that intrusiveness is not

---

4. In light of the Court not crediting the defendant's identification and classification of the independent StingRay/KingFish operations as separate Fourth Amendment searches and seizures (*see* Dkt. #1009), the defendant submitted his personal technical declaration RE: *The independent operations of the FBI's cell site emulators, etc. used to locate the UTStarcom PC5740 1xEV-DO aircard in United States v. Rigmaiden, CR08-814-PHX-DGC (D.Ariz.)*. The defendant also filed a motion for reconsideration of his motion for appointment of a 1xEV-DO expert and motion for reconsideration of his motion to subpoena Harris corporation engineers for questioning on the operations of the StingRay and KingFish.

5. *January 27, 2012 Status Conference, Partial Transcript of Proceedings*, [THE COURT], p. 16.

- 3 -

MOTION REQUESTING EVIDENTIARY HEARING TO SETTLE CONTESTED ISSUES OF FACT RE: MOTIONS FOR RECONSIDERATION OF MOTION TO SUPPRESS AND MOTION FOR DISCOVERY
CR08-814-PHX-DGC

an issue[]",[6] and that the government would not be permitted to make arguments to the likes of, "[w]ell, **that part** of what we did isn't a search because it's not intrusive."[7] Because the Court ignored the established concessions and instead found that the defendant failed to prove the intrusiveness of each **part** of StingRay/KingFish operation, an evidentiary hearing is in order so that witnesses can provide testimony that may resolve the relevant contested issues of fact. The following witnesses can provide testimony that may resolve the above contested issue of fact:

> 1) *Witness*: <u>Defendant's 1xEV-DO expert</u>. This witness, if appointed by the Court, is the defendant's 1xEV-DO cellular expert. The defendant expects this witness to **(1)** confirm the intrusiveness of each part of the StingRay and KingFish operation as explained in the defendant's *Motion To Suppress* (Dkt. #824-1) and the defendant's technical declaration RE: *The independent operations of the FBI's cell site emulators, etc. used to locate the UTStarcom PC5740 1xEV-DO aircard in United States v. Rigmaiden, CR08-814-PHX-DGC (D.Ariz.)* (Dkt. #???), and **(2)** identify additional intrusive operations of the StingRay and KingFish that will also constitute additional **separate** Fourth Amendment searches and seizures. *Location of witness*: to be announced.
>
> 2) *Witness*: <u>Harris WPG Engineers to include Stanley Gutowski, Chief Systems Engineer</u>. These witnesses developed the Harris StingRay and KingFish products used to locate the aircard. The defendant expects these witnesses to **(1)** confirm the intrusiveness of each part of the StingRay and KingFish operation as explained in the defendant's *Motion To Suppress* (Dkt. #824-1) and the defendant's technical declaration RE: *The independent operations of the FBI's cell site emulators, etc. used to locate the UTStarcom PC5740 1xEV-DO aircard in United States v. Rigmaiden, CR08-814-PHX-DGC (D.Ariz.)* (Dkt. #???), and **(2)** identify additional intrusive operations of the StingRay and KingFish that will also constitute additional **separate** Fourth Amendment searches and seizures. *Location of witnesses*: Melbourne, FL.
>
> 3) *Witness*: <u>Unidentified FBI technical agents Nos. 1-3</u>. These witnesses are responsible for operating the StingRay and KingFish used to locate the aircard. The defendant expects these witnesses to confirm that the cell site emulator equipment was operated in the manner described in the defendant's *Motion To Suppress* (Dkt. #824-1) and the defendant's technical declaration RE: *The independent operations of the FBI's cell site emulators, etc. used to locate the UTStarcom PC5740 1xEV-DO aircard in United States v. Rigmaiden, CR08-814-PHX-DGC (D.Ariz.)* (Dkt. #???). *Location of witnesses*: unknown.

* * *

2. Whether the defendant had made preparations to flee from his apartment prior

---

6. *Id.*, [THE COURT], p. 25.
7. *Id.*, [THE COURT], p. 25 (emphasis added).

to the aircard having been located on July 16-17, 2008 and prior to the in-person search of his apartment on August 3, 2008; and whether the defendant was prepared to abandon the apartment "on a moment's notice." *See Motion For Reconsideration Of Portions Of Court's Order At Dkt. #1009 RE: Fourth Amendment Suppression Issues*, Section I, ¶ No. 2 (Dkt. #1033), to determine whether the above facts remains in dispute and whether they go to the validity of challenged searches and seizures. The following witnesses can provide testimony that may resolve the above contested issues of fact:

1) *Witness*: <u>IRS-CI Agent Tracy Daun</u>. This witness is the primary agent responsible for conducting the digital data search/seizure portion of the N.D.Cal. warrants used to search the defendant's home and storage unit. The defendant expects this witness to confirm that she did not find any plans on the defendant's computer detailing an intent to abandon the apartment "on a moment's notice" or even at all. *Location of witness*: area of Phoenix, AZ.

2) *Witnesses*: (1) <u>IRS-CI Agent Denise Medrano</u>, (2) <u>IRS-CI Agent Michael Fleischmann</u>, and (3) <u>FBI Agent Richard Murray</u>. These witnesses were responsible for searching through the defendant's physical possessions at his apartment and storage unit. The defendant expects these witnesses to confirm that they did not find any items in the defendant's apartment or storage unit that would indicate he had an intent to abandon the apartment "on a moment's notice" or even at all. *Location of witnesses*: area of Phoenix, AZ; and New Mexico.

* * *

3. Whether the defendant used his storage unit to store items to be used during a "quick departure"; whether the defendant used his storage unit to store items to be used during a "quick escape"; and whether the defendant stored a computer in his storage unit. *See Motion For Reconsideration Of Portions Of Court's Order At Dkt. #1009 RE: Fourth Amendment Suppression Issues*, Section I, ¶ No. 3 (Dkt. #1033), to determine whether the above facts remains in dispute and whether they go to the validity of challenged searches and seizures. The following witnesses can provide testimony that may resolve the above contested issues of fact:

1) *Witness*: <u>IRS-CI Agent Tracy Daun</u>. This witness is the primary agent responsible for conducting the digital data search/seizure portion of the N.D.Cal. warrants used to search the defendant's home and storage unit. The defendant expects this witness to confirm (1) she did not find any plans on the

- 5 -

defendant's computer detailing an escape plan involving the storage unit, and (2) the defendant made no attempt to hide the existence of, and lock combination to, the storage unit. *Location of witness*: area of Phoenix, AZ.

2) *Witnesses*: (1) <u>IRS-CI Agent Denise Medrano</u>, (2) <u>IRS-CI Agent Michael Fleischmann</u>, and (3) <u>FBI Agent Richard Murray</u>. These witnesses were responsible for searching through the defendant's physical possessions at his apartment and storage unit. The defendant expects these witnesses to confirm that they did not find a computer in the defendant's storage unit. *Location of witnesses*: area of Phoenix, AZ; and New Mexico.

* * *

4. Whether the government destroyed the data gathered by the StingRay and KingFish for the purpose of protecting third-party interests or for the purpose of hiding cell site emulator technology from the defense; and whether the government destroyed the data "immediately after the aircard was located" on July 16-17, 2008 or after the defendant's arrest, **18 days later** on August 3, 2008. *See Motion For Reconsideration Of Portions Of Court's Order At Dkt. #1009 RE: Fourth Amendment Suppression Issues*, Section I, ¶ No. 8 (Dkt. #1033), to determine whether the above facts remains in dispute and whether they go to the validity of challenged searches and seizures. The following witnesses can provide testimony that may resolve the above contested issues of fact:

1) *Witnesses*: <u>Unidentified FBI technical agents Nos. 1-3</u>. These witnesses are responsible for destroying the geolocation data gathered via use of the StingRay and KingFish after August 3, 2008. The defendant expects these witnesses to confirm (1) the data obtained via the StingRay and KingFish was destroyed not immediately but after the defendant's arrest, *i.e.*, 18 days after the aircard had been located inside apartment No. 1122, and (2) the purpose of destroying the data was to conceal the cell site emulator technology from the defense. *Location of witnesses*: unknown.

* * * * *

Based on the points and authorities set forth herein, the defendant respectfully requests that this motion be granted and that the Court hold an evidentiary hearing to resolve contested issues of fact going to the validity of Fourth Amendment searches and seizures. The defendant also respectfully requests that all subpoenaed witnesses be fully sequestered.

This motion was drafted by the *pro se* defendant, however, he authorizes his shadow counsel, Philip Seplow, to file this motion on his behalf using the ECF system.

LRCrim 12.2(a) requires that the undersigned include the following statement in all

- 6 -

1 motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this
2 motion or of an order based thereon."
3 ///
4 ///
5 ///
6 ///
7 ///
8 ///
9 ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

*MOTION REQUESTING EVIDENTIARY HEARING TO SETTLE CONTESTED ISSUES OF FACT RE: MOTIONS FOR RECONSIDERATION OF MOTION TO SUPPRESS AND MOTION FOR DISCOVERY*
*CR08-814-PHX-DGC*

1  Respectfully Submitted:
2
3                                                    PHILP SEPLOW, Shadow Counsel, on
                                                     behalf of DANIEL DAVID RIGMAIDEN,
4                                                    Pro Se Defendant:
5
6                                                    s/ Philip Seplow
                                                     Philip Seplow
7                                                    Shadow Counsel for Defendant.

8                          CERTIFICATE OF SERVICE
9
10         I hereby certify that on:           I caused the attached document to be
11 electronically transmitted to the Clerk's Office using the ECF system for filing and
   transmittal of a Notice of Electronic Filing to the following ECF registrants:
12

13  Taylor W. Fox, PC
    Counsel for defendant Ransom Carter
14  2 North Central Ave., Suite 735
15  Phoenix, AZ 85004

16  Frederick A. Battista
    Assistant United States Attorney
17  Two Renaissance Square
18  40 North Central Ave., Suite 1200
    Phoenix, AZ 85004
19
20  Peter S. Sexton
    Assistant United States Attorney
21  Two Renaissance Square
    40 North Central Ave., Suite 1200
22  Phoenix, AZ 85004
23
    James R. Knapp
24  Assistant United States Attorney
    Two Renaissance Square
25  40 North Central Ave., Suite 1200
26  Phoenix, AZ 85004

27
    By: s/ Daniel Colmerauer
28  (Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; See ECF Proc. I(D) and II(D)(3))

*MOTION REQUESTING EVIDENTIARY HEARING TO SETTLE CONTESTED ISSUES OF FACT RE: MOTIONS FOR RECONSIDERATION OF MOTION TO SUPPRESS AND MOTION FOR DISCOVERY*
*CR08-814-PHX-DGC*