Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden
Pro Se, Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Daniel David Rigmaiden, et al.,<br><br>  Defendant. | No. CR08-814-PHX-DGC<br><br>DEFENDANT'S OBJECTIONS TO THE FIRST PROBATION OFFICE MEMORANDUM DATED FEBRUARY 10, 2014, AND THE SECOND PROBATION OFFICE MEMORANDUM DATED FEBRUARY 10, 2014, AND REVISED AND UPDATED MARCH 26, 2014 |

Defendant, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Defendant's Objections to the First Probation Office Memorandum Dated February 10, 2014, and the Second Probation Office Memorandum Dated February 10, 2014, and Revised and Updated March 26, 2014*.

The defendant assumes that the original memorandum, which is dated February 10, 2014, and sent to the Court by the Probation Office—without *first* giving the defendant an opportunity to read it, let alone informally contest its contents—is null and void in light of the new memorandum revised and updated March 26, 2014, which was also sent to the Court by the Probation Office without *first* giving the defendant an opportunity to read it, let alone informally contest its contents. Nevertheless, the defendant objects to the first report, dated February 10, 2014, and to all of its contents as being factually inaccurate, factually untruthful, not supported by evidence, and legally incorrect

For the report revised March 26, 2014, the defendant also objects as follows:

- 1 -

1.      The defendant objects to paragraph Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, and 59 as being factually inaccurate, factually untruthful, not supported by evidence, and legally incorrect— other than for contents of the above listed paragraphs that mirror the contents of the plea agreement of which the defendant signed. The defendant fully objects to all other facts and legal conclusions, with said objections not being limited or narrowed by any of the below paragraphs that discuss only some details of the defendant's objections.

2.      As for paragraph No. 24 of the probation memorandum, the intended dollar loss under the United States Sentencing Guidelines, 2B1.1, is not $5,262,387. While tax returns totaling this amount were filed, it does not reflect the intended loss as subjectively intended by those involved in the alleged scheme.

3.      As for paragraph No. 25 of the probation memorandum, this enhancement does not apply. The discovery shows that magnetic stripe data from non-stolen / non-fraudulent prepaid debit cards (which were not attached to financial institution accounts) were merely copied to blank white PVC cards so ATM withdrawals could be made as a means of divvying up the money made from the alleged underlying tax refund fraud scheme. Under the United States Sentencing Guidelines, "'Device-making equipment' (i) has the meaning given that term in 18 U.S.C. § 1029(e)(6);..." *See* U.S.S.G. § 2B1.1, App. No. 9(A). It is clear that the legislative history of 18 U.S.C. § 1029 refers only to the concern over schemes by counterfeiters and traffickers to defraud financial institutions by obtaining account numbers or stolen and lost access cards which are then used in ordinary credit transactions. *See* H.R. Rep. No. 98-894 (1984). Congress sought to address "the growing problem in counterfeit credit cards and unauthorized use of account numbers or access codes to banking system accounts...." *Id*. It does not follow that merely making blank copies of prepaid debit cards— that were neither stolen nor counterfeited—falls under U.S.S.G. § 2B1.1(b)(10). Especially when the prepaid debit card companies were not defrauded and the IRS, the only victim, is

DEFENDANT'S OBJECTIONS TO THE FIRST PROBATION OFFICE MEMORANDUM DATED FEBRUARY 10, 2014, AND THE SECOND PROBATION OFFICE MEMORANDUM DATED FEBRUARY 10, 2014, AND REVISED AND UPDATED MARCH 26, 2014
CR08-814-PHX-DGC

1 not a financial institution. Two offense level points should not be added.

2     4.    As for paragraph No. 28 of the probation memorandum, the defendant was not
3 an organizer or leader. Case discovery shows that the government's CI-2 (aka, "JP1") was
4 the sole organizer and leader under the United States Sentencing Guidelines, 3B1.1. Four
5 offense level points should not be added.

6     5.    As for paragraph No. 38 of the probation memorandum, there are no official
7 court documents showing that the probation violation existed during the time claimed.
8 Additionally, the defendant was not "arrested on the [probation] warrant August 3, 2008[,]"
9 as claimed in the probation memorandum. The defendant was arrested on the instant offense
10 on August 3, 2008, and he was not identified as Daniel Rigmaiden until three days after his
11 arrest. The probation memorandum also reads, "Disposition of the probation violation is
12 unknown." Two criminal history points should not be added.

13     6.    The defendant qualifies for a downward variance under the guidelines
14 considering (1) from assets forfeited by the defendant, all restitution obligations have been
15 settled, including restitution obligations of his co-defendant, CI-2, and of uncharged
16 individuals, and (2) the defendant served 68 months at Corrections Corporation of America,
17 Central Arizona Detention Center, a facility that is not designed for long term human storage.

18     * * * * *

19 LRCrim 12.2(a) requires that the undersigned include the following statement in all
20 motions: "Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this
21 motion or of an order based thereon."

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Respectfully Submitted:

          PHILIP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Defendant:

          s/ Philip Seplow
          Philip Seplow
          Shadow Counsel for Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on: _____ I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Frederick A. Battista
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

Peter S. Sexton
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

James R. Knapp
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

By: s/ Daniel Colmerauer
(Authorized agent of Philip A. Seplow, Shadow Counsel for Defendant; *See* ECF Proc. I(D) and II(D)(3))

*DEFENDANT'S OBJECTIONS TO THE FIRST PROBATION OFFICE MEMORANDUM DATED FEBRUARY 10, 2014, AND THE SECOND PROBATION OFFICE MEMORANDUM DATED FEBRUARY 10, 2014, AND REVISED AND UPDATED MARCH 26, 2014*
*CR08-814-PHX-DGC*