

January 13, 2016

Hon. David G. Campbell
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 623
401 West Washington Street, SPC 58
Phoenix, AZ 85003-2156

Re: *United States v. Rigmaiden*, No. CR08-814-PHX-DGC
Defendant's Motion for Early Termination of Supervised Release (ECF No. 1150)

Dear Judge Campbell,

The American Civil Liberties Union, American Civil Liberties Union of Arizona, American Civil Liberties Union of Northern California (collectively "ACLU") and Electronic Frontier Foundation ("EFF") write in support of Defendant Daniel Rigmaiden's motion for early termination of supervised release (ECF No. 1150).[1] Title 18 U.S.C. § 3583(e)(1) provides that a court may terminate a term of supervised release where, *inter alia*, "it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." The ACLU and EFF respectfully contend that Mr. Rigmaiden's conduct and the interest of justice warrant the early termination of his supervised release.

Mr. Rigmaiden has developed technological expertise on numerous forms of surveillance technology, including cell site simulator technology, and used that expertise to contribute to the public's understanding of this important issue. The information he has helped bring to public light has also led to significant and salutary legal and policy reform.

Until he raised the issue of cell site simulator technology in his criminal proceedings, the public was generally unaware that the government had a device that could, among other things, locate cellular phones by mimicking a cell tower. *See* Jennifer Valentino-DeVries, *'Stingray' Phone Tracker Fuels Constitutional Clash,* Wall Street Journal, Sept. 22, 2011.[2]

Since that time, the public, media, and legislators have taken enormous interest in this technology, which raises significant questions of law and policy.[3] As eleven United States

---

[1] The ACLU and EFF previously filed an *amicus* brief in this matter. *See* ECF No. 920.
[2] Available at http://www.wsj.com/articles/SB10001424053111904194604576583112723197574.
[3] *See, e.g.,* Erin Kelly, *Stingray surveillance sparks privacy concerns in Congress,* USA Today, August 3, 2015, available at http://www.usatoday.com/story/news/politics/2015/08/03/stingray-

Hon. David G. Campbell
*United States v. Rigmaiden*, No. CR08-814-PHX-DGC
January 13, 2016
Page 2

---

Senators explained in a letter to the Attorney General and Secretary of Homeland Security, "these devices potentially violate the Fourth Amendment and represent a significant intrusion into the private lives of thousands of Americans….[G]iven the extreme lengths to which federal agencies have gone to keep surveillance technologies like this a secret, it is vital that their use be subject to strict oversight by the courts and Congress."  Sen. Jon Tester, *et al.*, Dec. 9, 2014 Letter to Attorney General Holder & Secretary of Homeland Security Jeh Johnson.[4]

Numerous states, including Washington, Utah, Virginia, and California, have now enacted legislation regulating law enforcement use of the surveillance device; Mr. Rigmaiden provided critical input on the text of legislation.[5]

And the federal Department of Justice last fall announced a new policy requiring DOJ components, among other things, to seek warrants for use of the device.[6]  DOJ's new policy now explicitly requires that applications for court approval to use the device "describe in general terms the technique to be employed" and explain to the court that the device affects third-party non-target devices.[7]  The policy thus directly addresses concerns first raised by Mr. Rigmaiden about the government' secretive use of cell site simulator technology in his case.  *See United States v. Rigmaiden*, 2013 WL 1932800, *19-*20 (D. Ariz. May 8, 2013) (discussing defendant and amici's argument regarding government's duty of candor with respect to use of new

---

surveillance-privacy-issa/30933707/; Matt Richtel, *A Police Gadget Tracks Phones? Shh! It's Secret*, New York Times, March 15, 2015, available at http://www.nytimes.com/2015/03/16/business/a-police-gadget-tracks-phones-shhh-its-secret.html?_r=0; Devlin Barrett, *Americans' Cellphones Targeted in Secret U.S. Spy Program*, Wall Street Journal, November 13, 2014, available at http://www.wsj.com/articles/americans-cellphones-targeted-in-secret-u-s-spy-program-1415917533;  Ellen Nakashima, *Little-known surveillance tool raises concerns by judges, privacy activists,* Washington Post, March 27, 2013, available at https://www.washingtonpost.com/world/national-security/little-known-surveillance-tool-raises-concerns-by-judges-privacy-activists/2013/03/27/8b60e906-9712-11e2-97cd-3d8c1afe4f0f_story.html.
[4] Available at http://www.scribd.com/doc/249798493/Tester-s-letter-to-Attorney-General-Holder-and-DHS-Secretary-Johnson.
[5] *See, e.g.,* Debra Cassens Weiss, *Ex-con helps write state law requiring warrant for use of stingrays to intercept phone calls,* ABA Journal, September 29, 2015, available at http://www.abajournal.com/news/article/ex_con_helps_write_state_law_requiring_warrant_for_use_of_stingrays_to_inte/; Cyrus Farivar, *Cops must now get a warrant to use stingrays in Washington state*, Ars Technica, May 12, 2015, available at http://arstechnica.com/tech-policy/2015/05/cops-must-now-get-a-warrant-to-use-stingrays-in-washington-state/.
[6] *See* Nicholas Fandos, *Justice Dept. to Require Warrants for Some cellphone Tracking,* New York Times, Sept. 3, 2015, available at http://www.nytimes.com/2015/09/04/us/politics/justice-dept-to-require-warrants-for-some-cellphone-tracking.html.
[7] Department of Justice Policy Guidance:  Use of Cell-Site Simulator Technology at 5, available at http://www.justice.gov/opa/file/767321/download.

technology and whether government bears obligation to describe how the technology works and explain that it captures third-party data).

Mr. Rigmaiden has also been instrumental in educating the criminal defense bar about cell site simulator technology. The ACLU has published public education materials for criminal defense attorneys regarding this technology.[8] Mr. Rigmaiden shared his technological expertise and provided extensive and incredibly useful input on these materials. Many of his ideas are reflected throughout the ACLU report, including the report's discussion of issues to pursue in discovery. The report has been disseminated to criminal defense attorneys across the country. As noted in his motion, Mr. Rigmaiden also delivered a presentation to criminal defense attorneys at the 2015 Arizona Attorneys for Criminal Justice Winter Seminar. *See* ECF No. 1150 at 7 & Exh. 3. The efforts of Mr. Rigmaiden and others have provided the criminal defense bar with the information necessary to litigate motions involving cell site simulator technology, an issue about which the defense bar was previously largely unaware. As a result, courts now have the opportunity to rule on highly consequential statutory and constitutional questions surrounding these devices.

As organizations committed to protecting privacy and free speech rights in a digital age, the ACLU and EFF wish to emphasize to the Court the importance of: the information obtained by Mr. Rigmaiden, the legal and policy changes that information has prompted, and his on-going efforts to share with the public information about the government's use of technology. He has developed considerable expertise on surveillance technology and used that expertise for public benefit. We therefore write in support of his motion for early termination of supervised release.

Respectfully submitted,


By: */s/ Linda Lye*
     Linda Lye

LINDA LYE
American Civil Liberties Union
Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
(415) 621-2493
llye@aclunc.org

---

[8] *See* Stingrays: The Most Common Surveillance Tool the Government Won't Tell You About: A Guide for Criminal Defense Attorneys, available at https://www.aclunc.org/publications/stingrays-most-common-surveillance-tool-government-wont-tell-you-about.

Hon. David G. Campbell
*United States v. Rigmaiden*, No. CR08-814-PHX-DGC
January 13, 2016
Page 4

---

                              NATHAN FREED WESSLER
                              American Civil Liberties Union Foundation
                              125 Broad Street, 18th Floor
                              New York, NY 10004
                              (212) 549-2500
                              nwessler@aclu.org

                              DANIEL POCHODA
                              American Civil Liberties Union
                              Foundation of Arizona
                              3707 N. 7th Street, Suite 235
                              Phoenix, AZ 85014
                              (602) 650-1854
                              dpochoda@acluaz.org

                              DAVID GREENE
                              Electronic Frontier Foundation
                              815 Eddy Street
                              San Francisco, CA 94109
                              (415) 436 9333 x 143
                              davidg@eff.org


cc:    Daniel David Rigmaiden, Defendant (via ECF)
        Frederick Battista, Assistant United States Attorney (via ECF)
        Tiffany Turner, United States Probation Officer (via email and facsimile)